LAW OFFICES OF

## Aidala, Bertuna & Kamins, P.C.

ARTHUR L. AIDALA
MARIANNE E. BERTUNA
HON. BARRY KAMINS (RET.)
JOHN S. ESPOSITO
MICHAEL T. JACCARINO
IMRAN H. ANSARI
ANDREA M. ARRIGO
DIANA FABI SAMSON
─────────
SENIOR COUNSEL
LOUIS R. AIDALA
JOSEPH P. BARATTA

546 FIFTH AVENUE
NEW YORK, NY 10036

TELEPHONE: (212) 486-0011
FACSIMILE: (212) 750-8297

WWW.AIDALALAW.COM

8118-13TH AVENUE
BROOKLYN, NEW YORK 11228
TEL: (718) 238-9898
FAX: (718) 921-3292
─────────
OF COUNSEL
JOSEPH A. BARATTA
ANTOINETTE LANTERI
WILLIAM R. SANTO
PETER S. THOMAS
LAWRENCE SPASOJEVICH

Hon. Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 11379
**Filed via ECF**

December 9, 2022

**RE:** *Vincent Vicinanza et. al. vs. Horizon Window Treatments, Inc. et. al.*
**Docket No. 1:22-cv-657 (Joint Status Letter)**

Dear Judge Vyskocil:

Pursuant to the Case Management Plan dated April 14, 2022 and the Court's Order dated December 8, 2022, please allow this correspondence to serve as a Joint Letter regarding the Status of the above referenced matter Case.

**I.   A statement of any existing deadlines, due dates, and/or cut-off dates.**

The fact discovery of this matter closed on December 9, 2022.

**II.  A brief description of any outstanding motions.**

There are no outstanding motions.

**III. A brief description of the discovery and undertaken if either party believes any additional discovery that needs to be completed.**

**Plaintiff's Position**

The Parties have exchanged responses to written discovery. The Plaintiff has conducted all depositions they believe necessary for prosecution of the case. Defendants did not conduct a deposition of the Plaintiffs. Plaintiffs position is that, at this juncture, Defendants have waived their right to a deposition of the Plaintiffs for the following reasons:

Defendants' Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 30(b)(6) witness, and the individual Defendant, sat for a deposition on November 16, 2022.

On October 27, 2022, Plaintiffs' counsel sent an email to Defense counsel requesting deposition dates for Defendants.

On October 28, 2022, Plaintiffs' counsel followed up for deposition dates for Defendants.

On November 3, 2022, Plaintiffs' counsel again followed up for deposition dates for Defendants.

On November 4, 2022, Plaintiff's counsel again followed up for deposition dates for Defendants.

On November 4, 2022, Defendants' counsel noticed Plaintiffs' deposition for either November 11, 2022 or November 14, 2022. Plaintiffs' counsel represented that his clients' only availabilities were either November 8, 2022 or November 10, 2022. In response to an inquiry as to the basis for Plaintiffs' unavailability, Plaintiffs' counsel represented that it was "due to short notice and work availability." However, the dates proposed by Plaintiffs' counsel (*i.e.,* November 8, 2022 and November 10, 2022), were of even shorter notice than Defendants' counsel's proposed dates. Thus, it appears as though Plaintiffs were unavailable due to Plaintiffs' counsel's unavailability. However, Defense Counsel also had conflicts on November 8, 2022 and November 10, 2022 and could not proceed with depositions of Plaintiffs.

On November 4, 2022, Defendants' counsel asked Plaintiffs' counsel to provide "three (3) other alternative dates, prior to November 17, 2022, for [his] clients' depositions." In response, Plaintiffs' counsel represented that "[November 8, 2022 and November 10, 2022] are the only dates available…" This was due to the extremely short notice provided by Defendants' counsel after Plaintiffs' counsel's numerous attempts to schedule depositions a week prior.

As a result of both parties' counsel's unavailability, Defendants' counsel has not been able to proceed with Plaintiffs' duly noticed depositions.

On or about November 15, 2022, Defendants' counsel asked for consent to extend discovery deadlines. Plaintiffs' counsel had reservations but consented.

On or about November 15, 2022, the Court granted Defendants' request to extend discovery deadlines.

Since November 15, 2022, Defendants have made no attempt to schedule a deposition of Plaintiffs.

In addition, Defendants' counsel received a copy of the deposition transcript on December 9, 2022, pursuant to Fed.R.Civ.P. 30(e)

**Defendants' Position**

Defendants' Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 30(b)(6) witness, and the individual Defendant, sat for a deposition on November 16, 2022.

On November 4, 2022, Defendants' counsel noticed Plaintiffs' deposition for either November 11, 2022 or November 14, 2022. Plaintiffs' counsel represented that his clients' only availabilities were either November 8, 2022 or November 10, 2022. In response to an inquiry as to the basis for Plaintiffs' unavailability, Plaintiffs' counsel represented that it was "due to short notice and work availability." However, the dates proposed by Plaintiffs' counsel (*i.e.,* November 8, 2022 and November 10, 2022), were of even shorter notice than Defendants' counsel's proposed dates. Thus, it appears as though Plaintiffs were unavailable due to Plaintiffs' counsel's unavailability.

On November 4, 2022, Defendants' counsel asked Plaintiffs' counsel to provide "three (3) other alternative dates, prior to November 17, 2022, for [his] clients' depositions." In response, Plaintiffs' counsel represented that "[November 8, 2022 and November 10, 2022] are the only dates available…"

As a result of Plaintiffs' counsel's unavailability, Defendants' counsel has not been able to proceed with Plaintiffs' duly noticed depositions.

Defendants respectfully request a 30-day extension of time to complete remaining fact discovery, to wit: Plaintiffs' depositions. In addition, Defendants' counsel requires additional time to review a Defendants' deposition transcript pursuant to Fed.R.Civ.P. 30(e). Defendants' deposition transcript was provided, for the first time, on December 9, 2022.

### IV. A statement describing the status of any settlement discussions and whether the parties would like a settlement conference.

**Plaintiffs' Position**

The parties have not, in Plaintiffs' opinion, engaged in any meaningful settlement discussions. Although Plaintiffs would be open to a settlement conference, Plaintiffs are skeptical as to whether it would be worth using judicial time and resources based upon prior settlement negotiations.

**Defendants' Position**

The parties attended a mediation on October 27, 2022. The mediation was not successful. Defendants' respectfully request the scheduling of a virtual settlement conference within thirty (30) days of the completion of fact discovery.

**V.     A statement of the anticipated length of trial and whether the case is to be tried to a jury.**

The anticipated length of trial would be one (1) week and not be tried by a jury.

**VI.    A statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony (see Individual Practice Rules ¶4(A)(i)).**

Neither party anticipates filing a motion for summary judgment or a motion to exclude expert testimony.

**VII.   Any other issue that the parties would like to address at the conference.**

Neither party has any other issues to address at the conference.

**VIII.  Any other information that the parties believe may assist the Court in advancing the case to settlement or trial.**

Plaintiffs are unaware of any information that they reasonably believe may assist the Court in advancing the case to settlement or trial.

The Parties thank the Court for its attention to this matter.

Respectfully,

_____/S/_____
Lawrence Spasojevich, Esq.
*Attorney for Plaintiffs*


Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*_____
Jason Mizrahi, Esq.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel. No.: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Defendants*