```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/24/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINCENT VICINANZA and LUIS MORALES,

                Plaintiffs,

-against-

HORIZON WINDOW TREATMENTS, INC. and ERIC ABIKZER,

                Defendants.

1:22-cv-00657-MKV

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiffs filed this action against their former employer, alleging that Defendants failed to pay overtime wages, among other violations. Complaint ¶¶ 1–2 [ECF No. 1] ("Compl."). The Complaint asserted claims for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Compl. ¶¶ 33–63.

    On February 24, 2023, the Court was informed that this case had been settled and directed the parties to submit a letter and documentation supporting the fairness of the settlement. [ECF No. 33.] The parties filed a motion for settlement approval on April 27, 2023 [ECF No. 41], and then, after a status conference with the Court, the parties submitted a revised motion for settlement approval on May 16, 2023, [ECF No. 43]. The proposed settlement requires Defendants to pay $25,000. *See* Proposed Settlement Agreement 3 [ECF No. 43] ("PSA"). Plaintiff Vicinanza will receive $5,000 and Plaintiff Morales will receive $20,000 of the award. PSA 3. An attorneys' fee award of $6,666.67 will be subtracted from Plaintiff Morales' $20,000 award.

    The Court has reviewed the parties' revised documents for fairness in accordance with the FLSA and Second Circuit law, *see, e.g.*, *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), and has concluded that the terms are fair and reasonable.

1

In evaluating whether a settlement is fair and reasonable, the Court considers: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citation and quotation marks omitted).

Here, Plaintiff Morales seeks $97,893.75 in wages, and Plaintiff Vicinanza seeks $41,739.94 in wages. PSA 3. Both Plaintiffs also seek "one hundred percent" in liquidated damages, and up to $10,000 in NYLL violations. PSA 3. These damages figures are, importantly, "based purely upon Plaintiffs' recall and recollections." PSA 4. Defendants dispute Plaintiffs' contentions and, instead, assert that they have documentation indicating that Plaintiffs did not work more than 40 hours in any given week. PSA 3. Plaintiffs also acknowledge that they suffer from other credibility issues which might "undercut their testimony" at trial. PSA 2. Given the apparent weaknesses in Plaintiffs' case and the associated risks of proceeding with this litigation, the Court finds the settlement award fair and reasonable. Further, there is no suggestion of fraud or collusion here—the settlement was negotiated at arms' length with the aid of both Magistrate Judge Moses and the Southern District's Mediation program. PSA 3.

The Court also finds the requested attorneys' fees reasonable. No fees are sought from Plaintiff Vicinanza. PSA 3. With respect to Plaintiff Morales, counsel seeks one third ($6,666.67) of his total $20,000 award. PSA 3. That amount is consistent with Plaintiff Morales' Retainer Agreement. *See* Morales Retainer 2 [ECF No. 43-2]. Moreover, courts in this District routinely award attorneys' fees of up to one third of the settlement. *See, e.g.*, *Campos v. Sixtyone Reade*

*Pizza Inc.*, No. 19-CV-2414, 2021 WL 3501193, at *1 (S.D.N.Y. Aug. 9, 2021). As the fee sought here is considerably less than one third of the *total* $25,000 settlement (which would be $8,333.33), the Court finds the requested fee award fair and reasonable.

Accordingly, the settlement is approved, and the Court ORDERS that the case be dismissed with prejudice. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

**Date:  July 24, 2023**                  **MARY KAY VYSKOCIL**
     **New York, NY**                      **United States District Judge**